Chief Justice Robertson
delivered the opinion of the Court.
This is a suit in chancery, instituted by Dymer Downing against John Jones, as executor of Levin Dean, deceased, to injoin a judgment at Jaw.
The bill cbfirges that the note, on which fhe judgment was obtained, was executed for property purchased by Downing, at the sale, by. the executor, of L. Doan’s personal estate; that the propertywas sold for commonwealth’s paper, which was, at the time of the sale, depreciated fifty percent.; that the note was 'drawn and executed for dollars simply, through fraud *379 or mistake; and that the executor had refused to take commonwealth’s paper in discharge of the'note, and was endeavoring to coerce the whole amount of the judgment in specie.
If obligee deny that note was to be discharged in comraon’ths. paper, must be proof of ' 7~ 'take in ¿xe-" cutiun of note otherwise fio relief.
*379 The court injoined the collection-of one half of the judgment, on the filing of the bill.
The executor, in his answer, denies that the sale was for any thing but specie,- and also denies the alleged fraud or mistake. He insists that there was neither fraud nor mistake in the execution of. the note.
The testimony-shows that several' persons, at the sale, understood from the executor,in answer to enqui-ries made of him by them, that he would receive commonwealth’s paper for the properly sold. One of the witnesses states, that the executor told.him that he- would accept commonwealth’s paper,- unless it should depreciate, and that, to prevent any loss in consequence of such depreciation, was the reason why the notes to be executed by purchasers, would be drawn for dollars; and others state that they paid off their notes in commonwealth’s paper.
The circuit court, on the final hearing, dismissed the bill and dissolved the injunction, with ten per cent, damages on the amount injoined. •-
It was right to dismiss the bill, although it is probable that Downing had some reason to expect that he would be permitted to pay in commonwealth’s paper, for the property which he purchased, the testimony is insufficient to entitle him to the relief sought by his bill. ‘
It is not proved that the executor informed Mm that the sale was for commonwealth’s paper, or that any public declaration was made, in the written terms of sale or otherwise, that the sale would be for any other than specie currency.
But even if the proof had' been perfectly .satisfactory as to.the currency and the contract of sale, still the claim of the appellant should not have been sustained. There is no proof whatever, of any fraud or mistake in the execution of the note, nor were the.depositions of the subscribing witnesses taken.
Decree, for 10 per cent, damages, on dissolving injunction and second decree, in same case, for 10 per cent, damages, on dismissing bill and dissolving injunction, erroneous.
Decree, for 10 per centum wlthouTas oe'rtaining their aggregate amount, irregular.
Cunningham, for appellant; Thompson, for appellee.
But the decree dissolving the injunction, and award-*nS damages, on the final hearing, is erroneous.
At the April term, 1826, of the circuit court, a decree was rendered dissolving the injunction and adjudging against the appellant ten per cent, da-jnages. °
At the July term, 1828, (until which the case was continued,) the bill was dismissed, and a decree rendered again for dissolution of the injunction, and for damages.
This is not the first case, in which this irregularity has been observed. It cannot be overlooked, nor tolerated.
The creditor has two decrees for ten per cent, damages. If he had enforced the first, before the last was rendered, he might again compel the payment of the damages, and the circuit court, could not, in such a case, prevent the collection of the damages the second time. It coiild not reverse, or correct, or suspend its own decrees, after the term at which the final decree was rendered.
There was only one injunction, and there is nothing in the record which can justify the last decree dissolving it.
There is another irregularity, which should be corrected. In both decrees awarding damages, ten per cent, in gross, is decreed. It was proper to specify decree the ascertained amount of the ten per cent, damages. Both decrees for damages are, therefore, irregular.
The decree dismissing the bill, is affirmed, but the decrees for damages are reversed, and the cause is remanded, with instructions to ascertain the precise amount of the damages, and to enter a decree accordingly, for that amount.
The parties must pay their own costs, respectively, •in this court.