## Board of Education of Newport, Kentucky v. City of Newport, et al.

(Decided September 28, 1916.)

### Appeal from Campbell Circuit Court.

1. **Municipal Corporations—Taxation—Distribution of Taxes—Payment to School Board.**—While the board of commissioners in cities of the second class may not discharge its obligations to the board of education by apportioning to the board of education delinquent taxes that have already been levied for school purposes, it may insist that the board of education shall include such delinquent taxes in estimating its resources from sources other than the tax levied by the board of commissioners.

2. **Mandamus—Municipal Corporations—Cities of Second Class.**—Where, in an action by the board of education of a city of the second class against the board of commissioners to compel an additional tax levy, it appears that the board of education will receive delinquent taxes to a certain amount, and it does not satisfactorily appear that these delinquent taxes have been included by the board of education in its estimate of its resources, mandamus will not lie to compel an additional levy when the delinquent taxes will make up the deficit.

3. **Municipal Corporations—Cities of Second Class—Taxation—School Estimate.**—In estimating its revenue from sources other than city taxation, the board of education of a city of the second class is not required to include a judgment in favor of the board and against the city, from which an appeal has been prosecuted.

4. Mandamus—Municipal Corporations—Cities of Second Class.— Where the board of commissioners of a city of the second class levies a tax on all taxable property sufficient, if collected, to produce the sum requested by the board of education, mandamus will not lie to compel the levy of a larger tax, on the theory that all the taxes levied will not be collected and available for school purposes during the year for which they are levied.

FRANK V. BENTON for appellant.

BRENT SPENCE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is a mandamus proceeding by the Board of Education of the city of Newport, against the city and commissioners thereof, to require the commissioners to levy an additional tax to defray the current expenses of the schools for the year 1916. The relief prayed for was denied below and the Board of Education appeals.

Subsection 26, section 3235a of the Kentucky Statutes, is as follows:

"To raise money for the maintenance of the schools the general council or board of commissioners shall annually cause to be levied and collected as the board of education may request, as hereinafter provided, a tax of not less than thirty cents on each one hundred dollars' worth of property assessed for taxation for city purposes. It shall be the duty of the board of education annually to make a careful estimate of the probable amount of money necessary for conducting the schools and the business entrusted to the board during the current fiscal year, and it shall, prior to the first day of December, certify said amount to the general council or board of commissioners, with the request that a tax for schools sufficient to realize for said board the amount aforesaid shall be levied on each one hundred dollars' worth of property assessed for taxation for city purposes, and that said levy shall be included in the annual ordinance for said year. If in any year the amount so certified and requested shall represent a tax rate as based upon the total assessment of taxable property for said year, greater than forty cents for maintenance purposes, the general council may fix the levy for schools at forty cents and disregard the excess. If, in any year, the board shall fail to make the certificate and request

as aforesaid, the general council or board of commissioners shall make a levy for schools that shall be the same as it was the year before.''

The tax for school sinking fund purposes is not involved, so we shall discuss the case solely from the standpoint of the levy for maintenance purposes. The estimated total assessed valuation of the taxable property of the city of Newport for the year 1916 was $16,767,452.00. For that year the board of education estimated the necessary expense of maintaining the public schools at $122,750.00, and its revenue from other sources than city taxation at $54,979.86, leaving a balance of $67,770.14 to be raised by the city of Newport. The Board of Commissioners of the city of Newport levied for the year 1916 a school tax of thirty-seven cents on each $100.00 of taxable property. That levy, if collected, would produce the sum of $62,039.57, or $5,730.57 less than the sum requested by the board. The purpose of the suit is to require the board of commissioners to levy an additional tax sufficient to produce the deficit. After suit was filed the commissioners amended their apportionment ordinance, and in addition to the forty-two-cent levy apportioned to the school fund, ''the amount to be collected from the delinquent taxes, which would be approximately $5,868.94.'' The board of commissioners defended on the ground that the board of education, in estimating its resources, had failed to take into consideration the amount of $5,868.94 to be received from delinquent taxes, and that this sum, added to the amount of $62,039.57, would aggregate $67,908.51, or a sum in excess of that requested by the board of education. Defendants also pleaded that the board had failed to include in its estimated revenues for the year in question, the further sum of $11,774.11, the amount of a judgment which was rendered in the Campbell circuit court in favor of the board of education and against the city, on December 23rd, 1915. In its reply the board of education practically admitted that it would receive $5,868.94 from the delinquent taxes, but alleged that it had included in its estimates for the year in question the sum of $4,743.67 as delinquent taxes. It further pleaded that it had no right to include the judgment referred to in this estimated revenue, inasmuch as the city had appealed the case and was contending that it was not liable for any amount. The board of education further pleaded that the levy of thirty-seven cents would not

produce more than $55,835.62, and together with the estimated delinquent taxes for the year in question would not raise more than $61,704.56. The board also pleaded that it did not include in its estimated revenues the delinquent taxes to be collected on levies prior to the year 1914, because only a very small amount would be realized from that source.

While it is the duty of the board of commissioners to levy a tax sufficient to produce the amount requested by the board of education for the maintenance of the public schools, yet the board of commissioners has the right to insist that the board of education, in estimating the amount required to be raised by the city, shall take into consideration its estimated revenues from other sources. Here the board of education admits that it will receive from delinquent taxes the sum of $5,868.94. It is true that the court below proceeded on the theory that this sum was to be derived from taxes other than school taxes, but the record does not bear out this assumption. Of course, the board of commissioners cannot discharge its obligations to the board of education by merely turning over to the board taxes which have already been levied for school purposes. As before stated, however, it may insist that these delinquent taxes shall be estimated among the resources of the board of education. The board of education claims that it did take into consideration the fact that it would receive from delinquent taxes the sum of $4,743.67. We fail, however, to find in the record any satisfactory evidence of this fact. Of course, a mandamus will not be granted unless a clear legal right thereto has been shown, and in the absence of a statement or clear evidence of the precise items that were embraced in the board's estimate of its resources other than the amount to be received from the levy to be made by the board of commissioners, we shall not assume that delinquent taxes were embraced in its estimated resources.

The board was right in not estimating in its probable resources for the year in question the judgment against the city. The propriety of that judgment is being contested by appeal. It is, therefore, uncertain whether the board of education will recover anything from the city. Under the circumstances, therefore, the judgment cannot be regarded as an asset which should be taken into consideration. If the judgment be affirmed, then

the board can take into consideration in estimating its resources for the following year.

But the board of education insists that the levy of thirty-seven cents, based on past experience, will not produce more than $55,835.62. It is argued that the levy should be sufficient to produce the sum requested during the fiscal year in order that the board may meet its obligations; otherwise there would be an accumulation of indebtedness growing out of the failure of the levy of each year to produce the sum requested. In our opinion, taxes cannot be levied on the basis of their not being collected. The law affords ample and stringent means for their collection, and, though they may not all be collected during the year for which they are levied, there is no reason why such taxes should not finally come into the treasury. Under such circumstances, the board is authorized to borrow money in anticipation of uncollected taxes that have been properly levied, and in this manner its obligations may be met. If any other method were resorted to, it would impose an unnecessary burden on the taxpayer who pays. He would have to pay a heavier tax solely because of the delinquency of others under an equal obligation to pay. In our opinion, the board of commissioners performs its whole duty when it levies upon the taxable property of the city a tax, which, when collected, will produce the sum requested by the board. It is not required to levy a higher tax on the theory that some of the taxpayers will fail to pay during the year for which the tax is levied. It follows from the foregoing that the trial court did not err in refusing the relief prayed for.

Judgment affirmed.