## Fiscal Court of Lincoln County et al. v. Lincoln County Board of Education.

(Decided Oct. 22, 1937.*)

*Received for publication April 27, 1938.

ALFRED HOLMAN and P. M. McROBERTS for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an appeal from a judgment of the Lincoln circuit court, approving an issue of refunding bonds, which the Board of Education of Lincoln county proposes to sell for the purpose of refunding its floating debt of approximately $60,000 at a lower rate of interest than it is now paying on the debt.

It is not contended that the board is not a taxing district, within the meaning of that phrase as employed in the provisions of sections 186c-6 and 186c-7, Kentucky Statutes, and, as such, has authority to thus refund its accumulated floating indebtedness, if the obligations incurred by the board, in their aggregate making up this accumulated indebtedness, were valid obligations when incurred and created by the board. Lee v. Bell County Board of Education, 26 Ky. 379, 87 S. W. (2d) 961.

In such situation, the only question presented, involving the board's right to obtain the trial court's approval and consent to its issuance of the refunding bonds asked, is whether or not the school board's obligations, aggregating this floating indebtedness, were, when created, valid.

The record discloses that the Lincoln County Board of Education has, in its management and administration of the schools of the county through the nine-year period of school years, extending from 1926-27 to 1935-36, by a course of annually expending throughout such period the total, or even larger amount, as annually budgeted for meeting and defraying these school administration costs, piled up annual deficiencies during such lean years of reduced revenue as now amount to a total floating indebtedness of some $59,000, with unpaid accrued interest on a part thereof,

making a total of some $60,000, for the present payment of which they ask permission to issue refunding bonds.

The county board, it is shown, finding itself in this position and being without the funds to pay the same, or without the means of presently acquiring the same for the payment of its floating indebtedness, passed a resolution setting out its need of issuing bonds to refund this indebtedness and its proposed plan of issuing and selling such bonds to a certain bonding company in the amount of the needed $60,000, bearing 5¼ per cent. interest, payable semiannually.

In further pursuance of such plan of refunding its floating indebtedness, it filed its suit in the Lincoln circuit court, under and pursuant to the provisions of sections 186c-6 and 186c-7, Kentucky Statutes, wherein, by its petition, it set out what had been its yearly budgets, wherein, as required, was presented its itemized school engagements and anticipated need of revenue required for paying the contracted obligations of the county schools, during each of these several school years extending from 1926 to 1935, and had requested, when submitting its budgets, that a tax levy be made by the fiscal court of the county at a stated rate, estimated as sufficient to provide adequate revenue income to meet and satisfy these annually budgeted school expenses, and further set out in the petition the various amounts of required revenue and the sources from which they might be reasonably anticipated collected and realized by the board from the court's levying the requested rate of taxation against the assessed property valuation of the school district.

Further, it alleged that, notwithstanding its having so proceeded, due to the falling off and annual decrease during this period in the assessed valuation of the property available for raising this requested amount of revenue, at the tax rate asked to be fixed and levied by the fiscal court, and also due to the increasing delinquency from year to year in the amount of the revenue realized from such tax levies, a deficiency in the amount of the realized income annually received resulted, and that these accumulated unpaid obligations, incurred in operating its schools, now amount in the aggregate to the stated $60,000, for the payment of which it asked the court's consent and approval of its issuance of refunding bonds.

By section 186c-6, Kentucky Statutes, it is provided that:

"It shall be unlawful for any Fiscal Court, * * * and other Taxing Districts, to issue and offer to sell any bond, or obligation thereof, until the issuance thereof has been approved by a court of competent jurisdiction, declaring the same are based upon and to cover an indebtedness thereof, within the constitutional limitation of the indebtedness governing the creation of such indebtedness."

Further, by section 186c-7 thereof, which relates to the conditions upon which the approval of the court shall be given to the issuance of such refunding bonds and burden of proof in showing the taxing district is rightly entitled to issue such refunding bonds, it is provided that:

"In every action instituted for the purpose provided for in Section one [186c-6] hereof, no bond or obligation of any county * * * or other taxing district shall be approved by the court until and unless it is alleged and proven by such county * * * or other taxing district that the indebtedness thereof and for which the bond is intended to evidence, was created and was within the constitutional limitation of the indebtedness thereof, and unless and until the county * * * or other taxing district, shall in appropriate pleading set forth each and every item of indebtedness, created and existing or unpaid and owing by the county * * * or taxing district during the period of time in which the indebtedness was created and for which the proposed bond or bonds is intended to cover. And if it shall appear in such suit or action that the county * * * or taxing district, that the officials in office at the time of the creation of such indebtedness have not had due regard for the finances of the county * * * or other taxing district, during the time in which said indebtedness was created, then the court shall not have the right and power to approve such bond issue."

It is disclosed by the record here that the annually accumulating deficiencies in revenue, beginning in the school year 1926-27 and extending through the school year 1935-36 and which now appear to have reached the large amount of some $60,000, while representing

obligations incurred (or so it is alleged) in defraying the ordinary and necessary expenses required for carrying on the routine work of the school and that their budgeted amounts of cost were such as yet might have been reasonably anticipated to come within the year's realized or collected revenue income, it yet failed annually, throughout this stated period of school years, to realize sufficient revenue to care for its budget expense accounts.

It is disclosed by the record that during many of these years embraced in this 9-year period of annual deficiencies of revenue, even where the expenditures made by the board were kept within the budgeted amount asked for that year's cost of operating the county schools, the revenue realized from the tax levies requested made by the fiscal court continually fell short of paying the amount of its obligations incurred.

In view of the board's experience continuing from year to year during this 9-year period, here involved, of lean tax collections, and during which period it was evident to the county board of education that the assessed valuation of the county's taxable property was constantly decreasing, as well as that the delinquencies in the payment of taxes were at the same time constantly increasing, with the result that the amount of annual income revenue realized upon the board's requested rate of taxation levied for school purposes almost containually failed to produce the amount of income called for in its annually submitted budget, it is made difficult for us to see how the board, upon such showing made by its proof, could be said to have kept its expenditures, made during these years, within an amount which it could have reasonably anticipated, under the circumstances stated, would be realized as the revenue income of such year or that its incurring of school indebtedness in the large amount continuously set out in its annual budgets during these years of regularly decreasing revenue could be said to bring them within the measure of the constitutional limitation imposed by section 157 of the Constitution and the provisions of section 186c-7, Kentucky Statutes, quoted above.

While the rule declared by us in many previous cases, in which the issuance of refunding bonds was sought, is that the mere fact that a school board has exceeded the amount of its realized annual revenue does not violate the inhibition of the constitutional

limitation, while staying within the amount of its budget, if its excess expenditure over realized income was yet within the amount which might have been reasonably anticipated by the board would be collected and received by it from the tax levy requested and made by the fiscal court, it is yet here shown that the board did not reduce the amount of its budgets, nothwithstanding its repeated annual experience of failing to realize revenue in the amount called for by its budgets, made and presented as required by the statutes for that year's cost of operating the county schools, even though the court levied its requested tax rate. The board must needs have recognized, in view of such continuing experience and its necessary knowledge of existing fiscal conditions under which this annual deficiency of revenue occurred (due to both the failure in tax collections made and the yearly decrease shown in the assessed valuation of the county property), that the requested amount for school operating expenses would in all probability exceed the revenue received, but it did, nonetheless, continue, year after year, to raise the amount of its budget and to allow its expenditures to exceed the tax revenue received by it, uninfluenced by such acute fiscal condition and in seeming disregard thereof.

Under such circumstances, the board, it would appear, cannot be heard to say, nor can its claim be sustained, that in making such budget expenditures, which continually exceeded the amount of its revenue, it kept its expenditures within the amount of revenue which it reasonably anticipated it would receive.

Nor are we satisfied that the showing here made of the board's continuing to raise the amount called for by its school budgets, during these lean years, in each of which it appears that its expenditures continued to exceed its realized income, manifests a due regard by the officials of the board for the finances of this county school taxing district, in that they were advised by experience, as stated supra, that they could not reasonably anticipate that such sum would be collected, due to the fiscal conditions above set out, from which there resulted a continuing failure to collect the anticipated amount of taxes, which might under normal fiscal conditions have been reasonably expected to be realized from the requested tax rate levied against the county property.

In the case of Rose v. Elliott County, 262 Ky. 768, 91 S. W. (2d) 60, 62, it was said, in construing and applying the provisions of this act in determining the right of the appellee to issue refunding bonds for the payment of its floating indebtedness:

"It is clear that the Legislature in adopting, and this court in construing, the act supra, intended that it should be followed in every respect. In the Fox Case, supra [Fox v. Boyle County, 245 Ky. 27, 31, 53 S. W. (2d) 192, 194], and in the first Randolph Case [Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961], we held that the proposed bond issue must be approved by a court of competent jurisdiction; that the items of outstanding indebtedness created or existing during the period in which the debts were incurred and intended to be covered, must be specifically set forth, and said: 'Under the new statute, the approval of the court cannot be obtained unless the facts affecting the constitutional validity of the proposed bond issue are presented.'

"The purpose and effect of the statute are set forth in the first Stratton Case [Stratton v. Jessamine County, 257 Ky. 302, 77 S. W. (2d) 955] as follows: 'The sections of the Statutes, supra, were enacted in order to curb a reckless disposition on the part of some fiscal courts of the various counties of the commonwealth, and to further guarantee that they confine the expenditures of their counties within constitutional bounds, and nothing less than a good faith substantial compliance therewith should be approved.' In the same case we also said: 'In order for such items of expenditure to be valid two facts must concur, i. e., (a) that the purpose for which the expenditure was agreed to be made was an obligation that the county had the right to assume and perform, and (b) that each particular expenditure, at the time the county assumed it and became obligated therefor, did not exceed the revenue provided for the year in which the obligation was incurred.'"

After a careful study and consideration of the record here before us, we are not satisfied that the appellee board has, by its evidence here introduced, met the burden of proof required by the statute, supra, of showing that every item of this floating indebtedness,

here sought to be refunded by a bond issue, was valid when created; that is, was within the constitutional limitation of the indebtedness of the school board, as coming within the year's reasonably anticipated revenue when created; or that the officials in office at the time of the creation of these large items of indebtedness, now in their accumulated aggregate constituting the board's heavy floating indebtedness, exercised a due regard for the finances of the county school taxing district when the indebtedness was created.

It is, for the reasons hereinabove stated, our conclusion that this record as presented cannot be held to meet these basic requirements of the statutes, of establishing the validity when created, of all the indebtedness the court authorized to be refunded by issuance of bonds.

See Lee v. Bell County Board of Education, supra; Harris v. Holt, 266 Ky. 576, 99 S. W. (2d) 759; Hockensmith v. County Board of Education of Franklin County, 240 Ky. 76, 41 S. W. (2d) 656; King v. Christian County Board of Education, 229 Ky. 234, 16 S. W. (2d) 1053; Stratton v. Jessamine County, 260 Ky. 754, 86 S. W. (2d) 984 and numerous other cases, wherein the provisions of these sections of the Statutes, 186c-6 and 186c-7, have been considered and analyzed in determining whether or not the county or taxing district therein maintained its burden of proof required by the statutes, of showing due regard for the finances of the county, as well as that all items of the floating indebtedness, sought to be refunded, were within constitutional bounds when created and valid.

We, therefore, in view of the showing here made by the record as to a large part of this accumulated indebtedness (which we deem insufficient to satisfy the requirements of the statute by showing that such part or items of the aggregate indebtedness of some $60,000, which it seeks to refund, was valid when created and which also fails to satisfy us that the officials in office at the time of the creation of much of this indebtedness, in view of the fiscal conditions existing at such time and well known to them, acted with due regard to the finances of the school district entrusted to their proper management), are constrained to reverse the judgment of the lower court approving the bond issue, in the amount asked, for the payment in full of its floating in-

debtedness.; but the parties, if they desire, may amend their pleadings and offer such further evidence available for showing the full extent or amount of its valid indebtedness, when measured by the tests above stated, their compliance with the provisions of the statutes and the resulting legality of the proposed bonds, which are limited in their amount to such part of the board's floating indebtedness as may be proven to have been valid when created.