## City of Paducah et al. v. Board of Education of Paducah.

Jan. 27, 1942.

Adrian H. Terrell for appellants.

C. C. Grassham and E. Palmer James for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSION-ER—Reversing.

The questions presented on this appeal involve construction of that part of section 4399-40, Kentucky Statutes, which reads as follows:

"* * * It shall be the duty of each board of education to prepare a school budget, showing the amount of money needed for current expenses, debt service, capital outlay, and other necessary expenses of the schools during the succeeding fiscal year and also the estimated total amount which will be received from the common school fund and the amount that will be needed to be raised by local taxation, including the rate of levy necessary to raise such amount, which, in no event, shall be less than twenty-five cents (25c) nor more than one dollar and fifty cents ($1.50) annually on each one hundred dollars ($100) of property subject to local taxation; provided that no school district may request a tax levy in excess of the maximum levy now authorized for its particular type of district at the time of the passage of this Act. A copy of said budget shall be filed with the clerk of the tax levying authority of the district, as herein provided on or before March 20, and it shall be the duty of said tax levying authority to make its annual school levy during the month of April unless the tax levying authority of a school district is required by law to make all of its levy, including the school levy, at a different time of the year. It shall be the duty of such clerk to present the budget to the proper tax levying authority when said authority convenes to make its school levy. At the same time a copy of the budget is filed with the

clerk, a copy shall be filed with the State Board of Education for its approval. It shall be the duty of such tax levying authority to levy the rate specified by the district board of education and approved by the State Board of Education along with such poll tax as the district board of education may request. * * *,,

In April, 1941, the board of education of Paducah, Kentucky, submitted to the board of commissioners of the city of Paducah its budget for the school year 1941-1942 and requested the board of commissioners to levy a tax of $1 for each hundred dollars value of assessed property taxable for school purposes within the city. The budget, as first presented, did not include as anticipated revenue any sum representing the collection of delinquent taxes. The board of commissioners upon advice of the city treasurer anticipated that the city would collect for the schools in the year 1941 taxes levied in previous years in the amount of $20,000. Since the value of assessed property was in the amount of $18,-402,535, the commissioners concluded that a levy of 89 cents would raise a sum, which added to the anticipated revenue of $20,000 from delinquent taxes, would be sufficient to defray the expenses of the board as set out in the budget, for the period of time covered thereby. It accordingly fixed the tax rate for school purposes at 89 cents per $100 valuation.

On May 7, 1941, the board of education instituted this action for a writ of mandamus to require the board of commissioners to make the levy of $1 on each one hundred dollars valuation of taxable property within the city as previously requested by it. On May 12, 1941, the petition was amended in which the budget was amended adding to the anticipated receipts for the year 1941 the sum of $20,000 by reason of anticipated collection of delinquent taxes, but, deducting from the anticipated receipts the sum of $20,000 because of anticipated failure of the city to collect in the year 1941 the full amount of taxes due from the 1941 levy. The amended petition in substance alleged that the board of education has the legal right to anticipate that all the taxes due in the year 1941 would not be collected in that year, therefore, there will be some delinquencies and that past experience justified them in estimating the delinquencies in the amount of approximately $20,000, which amount

should be deducted from anticipated revenues for the year 1941. Other slight changes in estimated receipts and expenditures were effected in the amended budget, none of which have any bearing on the questions presented by this appeal.

Answer was filed traversing the allegations of the petition and a counterclaim was filed alleging that the board of education was not acting in good faith in listing as an item of expense the amount of $17,000 for reconstruction of the Garfield school and that it included other items which were not required by the operation of the schools. The board of commissioners further alleged in the counterclaim that 64 cents was a sufficient levy to produce revenue necessary to operate the schools and asked the court to grant a writ of mandamus requiring the board of education to file with it a budget for the operation of the public schools for the year 1941-1942, showing the exact amount which it anticipated expending for the rebuilding of Garfield school in addition to the expenditures which would exceed the total of actual expenditures for the year 1940. They further asked the court to authorize the board of commissioners to adopt an ordinance reducing the rate of taxation for school purposes to an amount not to exceed 64 cents, which was the rate it was estimated by the board of commissioners would be sufficient to properly operate the schools after the elimination of items conceived to be unnecessary expenditures. We have not attempted in this statement to detail items or audit the sums quoted because we consider it unnecessary for a determination of the legal questions involved.

The first question presented is whether the board of commissioners of a city of the second class can question the propriety of the decision of the board of education in determining what is a necessary or expedient expenditure in the operation of its schools. This question has been decided by this court in a number of cases construing statutes with provisions substantially the same as that involved in this case, some of which are: Fiscal Court of Logan County v. Board of Education of Logan County, 138 Ky. 98, 127 S. W. 527; Board of Education of Bowling Green v. Townsend, 140 Ky. 248, 130 S. W. 1105; Board of Education of Newport v. City of Newport, 174 Ky. 28, 849, 191 S. W. 871; City of Owensboro v. Board of Trustees of Owensboro, 10 Ky. Law Rep.

40; Prowse v. Christian County Board of Education, 134 Ky. 365, 120 S. W. 307. Those cases hold without exception that the board of education has the exclusive right to determine within lawful limits the amount of money necessary to be expended and the items for which it shall be expended in the operation of the schools, and, unless the governing authorities of the tax levying district can show an illegal expenditure, or a computation unlawfully arrived at, or bad faith on the part of the school board, it must levy a tax within limits prescribed by the Constitution and statutes sufficient to raise the revenue required under the provisions of the budget filed with it by the board of education. Although it is alleged in the counterclaim that the board acted in bad faith in including certain items in the amended budget, the proof fails to substantiate the allegation. The only evidence that is pointed to in support of the allegation of bad faith is that the original budget did not include these items and the amended budget does. The evidence shows that the physical properties of the board of education were badly damaged in the flood of 1937. Upon discovery that the board would receive more money in the fiscal year involved, by reason of collection of delinquent taxes which it had theretofore not anticipated, it had the right to appropriate the additional funds to improvement of its physical properties and the propriety of its decision in doing so cannot be questioned by the board of commissioners, unless the board of commissioners can show the properties not to be in need of repair or reconstruction and which it does not attempt to do in this case. The mere fact that the expenditure will absorb that portion of anticipated revenue which would otherwise have been surplus does not preclude the school board from making necessary expenditures upon discovery that the funds are available for that purpose. We therefore conclude that the counterclaim was properly dismissed and the board of commissioners had no legal right to question the advisability of the expenditures of the items contained in the budget submitted.

The only question remaining is whether the board of education can base its estimate of anticipated revenue on experience in collecting taxes and deduct the amount which may not be collected within the fiscal year, or, whether it must base its estimate on what the rate would produce if all the taxes were collected in the fiscal year. This precise question has been decided by this court in

Board of Education v. City of Newport, 171 Ky. 234, 188 S. W. 360, 361, 362, wherein it was said:

"It is argued that the levy should be sufficient to produce the sum requested during the fiscal year, in order that the board may meet its obligations; otherwise there would be an accumulation of indebtedness growing out of the failure of the levy of each year to produce the sum requested. In our opinion, taxes cannot be levied on the basis of their not being collected. The law affords ample and stringent means for their collection and, though they may not all be collected during the year for which they are levied, there is no reason why such taxes should not finally come into the treasury. Under such circumstances, the board is authorized to borrow money in anticipation of uncollected taxes that have been properly levied, and in this manner its obligations may be met. If any other method were resorted to, it would impose an unnecessary burden on the taxpayer who pays. He would have to pay a heavier tax solely because of the delinquency of others under an equal obligation to pay. In our opinion, the board of commissioners performs its whole duty when it levies upon the taxable property of the city a tax which, when collected, will produce the sum requested by the board. It is not required to levy a higher tax on the theory that some of the taxpayers will fail to pay during the year for which the tax is levied."

It seems to us that this decision is sound. If for any reason all of the taxes of the 1941 levy are not collected in the year 1941 and obligations incurred in anticipation of the collection of the 1941 taxes are not met by reason of the delinquency in collections, such unpaid items must be included as anticipated expenditures in the following year and the delinquent taxes for that period must be added to the anticipated revenue for the following year. The Legislature has provided for penalties to attach to delinquent taxes in order to offset any deficiency which might otherwise be incurred by failure of the taxpayer to pay such taxes when due. We therefore conclude that the board of commissioners of the city was within its legal right in deciding the $1 levy requested by the school board to be a computation unlawfully arrived at, and the board of commissioners properly refused to levy a tax at

a rate which would, if fully collected, produce more revenue than was necessary to meet the expenditures of the school board as set out in the budget, since, from the pleadings and proof, it appears that in reasonable anticipation, 89 cents would produce sufficient revenue to meet its requirements.

Wherefore the judgment is reversed with directions to enter another in conformity with this opinion.

Whole Court sitting.