## Blancett v. Leet et al.

March 24, 1944.

D. C. Ross for appellant.

Alfred Holman for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The purpose of this declaratory judgment proceeding is to test the validity of a proposed bond issue by the McLean County Board of Education to fund a floating indebtedness of approximately $56,000, including interest, accumulated during the last thirteen years. The bonds are to bear interest at the rate of $3\frac{1}{2}\%$ per annum covering a period of twenty years and are to be sold at par. There is at present no outstanding bonded indebtedness, and the amount of the proposed issue, $56,000, is less than the minimum permitted by Section 158 of the Constitution. The resolutions of the Board authorizing the issue and fixing its terms appear to be regular in form and substance, and the only question which has given us concern is whether the floating indebtedness was contracted in violation of that portion of Section 157 of the Constitution which provides:

"No county, city, town, taxing district, or other municipality, shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the consent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void."

According to the pleadings, exhibits, and proof, the Board annually budgeted its proposed expenditures, exhibited its sources of revenue, stated the amount necessary to be raised by district taxation, and requested the Fiscal Court to levy a sufficient tax to yield the amount necessary,—all in the manner provided by KS 4399-40 (KRS 160.470); the budgets were approved by the State Board of Education, and the taxes levied; no expenditures were made in excess of those thus proposed and shown; and the floating indebtedness sought to be funded is the aggregate of the annual deficiencies in the tax collections, plus interest accumulated thereon. In short, the Board incurred no debts in excess of the revenues which it would have received for that year had the taxes levied been collected in full. Thus, as in many cases previously brought to this Court, the question narrows itself to what the framers of the Constitution meant by the words, "the income and revenue provided for such year," when they used that phrase

in establishing the maximum indebtedness which might be legally incurred during any one year.

Prior to the decision of the case of Payne v. City of Covington, December 16, 1938, 276 Ky. 380, 123 S. W. (2d) 1045, 122 A. L. R. 321, it had been generally held that the quoted phrase did not mean the revenue actually levied, but the revenue which would have been produced by a levy of the maximum tax permitted by Section 157 of the Constitution. Overruling many of our previous decisions, we held in the Payne case that the purpose of the limiting phrase quoted from Section 157, in conjunction with the restrictions imposed by Section 158, upon the total amount of indebtedness which might be incurred, measured by the assessed value of taxable property within the district, was to require tax levying political units to conduct their affairs on the ''pay-as-you-go'' plan; and that any debts contracted in excess of the revenue provided by the tax actually levied were thereafter to be regarded as valueless.

In the case of Fulton County Fiscal Court v. Southern Bell Telephone & Telegraph Co., December 20, 1940, 285 Ky. 17, 146 S. W. (2d) 15, 22, we declined to say ''whether a casual deficit due to error of a good faith judgment is void or is to be carried over into the succeeding year as a debt of that year,'' and at the same time held that a floating indebtedness incurred prior to the decision in the Payne case did not have to be so carried over, and, if valid, might be funded. Since, possessing no tax levying power of its own, the Board requested the Fiscal Court to levy a tax adequate to meet its annual budgets, it would seem, in the light of many of our decisions, that the floating indebtedness resulting from annual failures to collect all of the revenues thus ''provided'' should be considered valid, and, hence, fundable. Lee v. Board of Education of Bell County, 261 Ky. 379, 87 S. W. (2d) 961, and Lawson v. Board of Education of Greenup School District, 265 Ky. 630, 97 S. W. (2d) 542, 543. However, in the Fulton County case, supra, we said:

''We shall not undertake here to define comprehensively what is reasonable and good faith anticipation. It certainly includes the consideration of a failure to collect the entire levy, the costs of collection and the experiences of the past, with conservative regard for the

prospective normal situation. The right of estimation, however, is only the right to proceed subject to encountering the pitfall which may lie ahead if there should be an overestimation.''

In the case of Fiscal Court of Lincoln County et al. v. Lincoln County Board of Education, 273 Ky. 174, 115 S. W. (2d) 891, decided previous to the Fulton County case but subsequent to the cases of Lee v. Board of Education of Bell County and Lawson v. Board of Education of Greenup School District, we refused to approve a bond issue to fund a floating indebtedness incurred in the same manner as the floating indebtedness in the case at bar, holding that the Board should have reduced its budgets by the amounts of the deficiencies in revenue caused by failures in tax collections and decreased assessments which its experience through the years should have taught it were to be expected.

In the case of City of Paducah v. Board of Education of Paducah, 289 Ky. 284, 158 S. W. (2d) 615, citing Board of Education v. City of Newport, 171 Ky. 234, 188 S. W. 360, we held that the tax levying authorities could not be required to levy taxes sufficient to meet deficiencies occasioned by the failure of the collecting officers to collect taxes previously levied, saying (289 Ky. 284, 158 S. W. (2d) 617): ''If for any reason all of the taxes of the 1941 levy are not collected in the year 1941 and obligations incurred in anticipation of the collection of the 1941 taxes are not met by reason of the delinquency in collections, such unpaid items must be included as anticipated expenditures in the following year and the delinquent taxes for that period must be added to the anticipated revenue for the following year.''

Thus, it would seem that the question which we declined to definitely answer in the Fulton County case has received its answer, at least so far as casual deficits resulting from failure to collect all levied taxes are concerned; and since the taxing authorities cannot, and, for the reasons given in Board of Education v. City of Newport, supra, should not, impose a higher tax rate than but for such casual deficiencies would be necessary to meet budgeted expenditures, boards of education must adjust their expenses accordingly.

In view of the fact that in the Fulton County case it was stated that a failure to realize all the taxes levied

must be anticipated in making a good faith estimate of expected revenue, it might be plausibly argued that the Board was derelict in not reducing its expenditures sufficiently to avoid deficits resulting from such failures, and that the subsequently resulting indebtedness should not be funded. But the Fulton County case related primarily to the indebtedness of a county, and, while its principles are applicable to all similar divisions of government, it is possible that its effect upon the financing of school districts was overlooked. Because of this fact and the seeming conflict in our previous decisions, we are unwilling to penalize the Board of Education of McLean County, and through it, the taxpayers, for not following what we deem to be the correct principles to be deduced from our latest utterances. Neither are we willing, under the circumstances, to hold that any part of the floating indebtedness sought to be funded was incurred in violation of the provisions of Section 157 of the Constitution, and thus jeopardize the claims of creditors which should, in good conscience, be paid. However, the principles announced in this opinion will govern the granting or withholding of our approval of proposed bond issues to fund floating indebtedness incurred in the future by governmental bodies.

Judgment affirmed.

Whole Court sitting.