## PATTERSON et al.

v.

## BOARD OF EDUCATION OF LARUE COUNTY SCHOOL DIST.

Court of Appeals of Kentucky.

June 25, 1954.

Carl Howell, Hodgenville, for appellants.

Joseph R. Rubin and Hays & Fahey, Louisville, for appellee.

SIMS, Chief Justice.

In this declaratory judgment suit to test the validity and obtain judicial approval of a proposed issue of bonds by the LaRue Board of Education to liquidate a deficit in the revenues as of June 30, 1953, it was adjudged that: (1) bonds not exceeding the amount of $28,000 are valid; (2) the same does not exceed any constitutional or statutory limitation of indebtedness; (3) the bonds will be first payable out of the regular maximum tax levy of $1.50 per hundred at the rate of 4¢ of each $1.50 collected since the bonds issued can be retired within that levy; and (4) the deficiency in the anticipated revenues from whiskey withdrawals which created or helped to create the indebtedness does not mean the actual loss of such revenue but the postponement of its payment; hence, it was "ordered, adjudged, decreed and declared that if during any year or years during which any of said funding bonds are outstanding the actual revenue received by said Board from whiskey withdrawals exceeds the revenue anticipated to be received by the Board in its budget, such excess, not to exceed however the unpaid outstanding bonds, shall be placed in a sinking fund and be used for the retirement of said outstanding bonds and continue to be so placed and used until said bonds shall be retired in full."

The taxpayer appeals and the Board of Education, appellee, has filed a cross-appeal. The taxpayer states the case fully but passes up to this court without argument the question of the reasonableness and conservatism of the action taken. The Board, of course, does not challenge the approval of the bonds but raises questions as to two other features of the judgment. They are: (1) that the amortization of the bonds must be by the application of current revenues derived from the regular tax levy instead of holding that there may be an additional special tax levy for the purpose of liquidating the bonds; and (2) the adjudication that any surplus revenues received from whiskey tax assessments in the future in excess of the budget estimates

of such revenues must be deposited in the sinking fund created for the retirement of the bonds.

KRS 66.210–66.220 provide that no funding bonds may be validly issued by a taxing district until approved by a court of competent jurisdiction upon proof of certain facts. One of them is that the officials had "due regard for the finances" of the district "during the time in which the indebtedness was created".

The court's findings of fact, other than the corporate powers of the Board and the qualification of the plaintiff to maintain the taxpayer's suit, are:

"3. The LaRue County Board of Education has annually during the past five years or more, in the preparation of its budget, made a reasonable and good faith estimate of its revenues, considering the possibilities of collecting less than the entire levy, the costs of collection and the experiences of the past, with conservative regard for the prospective normal situation. The potential revenue from taxes assessed on whiskey in bonded warehouses, based on assessments of said whiskies at the regular school tax rate, in each of the years 1950 through 1954, was in excess of $30,000. The amount of said whiskey revenues estimated by the Board in its budget for the fiscal year 1952–1953, which budget was approved by the Department of Education of the State of Kentucky, was $28,800.

"4. A substantially smaller amount of whiskey was withdrawn from storage in LaRue County dring the fiscal year 1952–1953 than had been conservatively estimated by the Board, resulting in actual whiskey tax receipts for that period available to the Board of only $4,222.86. The actual receipts for the two fiscal years previous to that were $40,781.01 for 1950–51 and $45,-229.25 for 1951–52.

"5. The unexpected shortage in whiskey tax receipts for the year was

$24,577.14. In addition to this unexpected shortage there was an unexpected shortage in the amount of property taxes received of $1,392.94, an unexpected shortage of franchise taxes received in the amount of $298.05 and an unexpected shortage in poll tax receipts in the amount of $161.75. The total deficit of the Board for the year 1952–53 with interest thereon is slightly in excess of $28,000. The deficit at the end of 1952–53 consisted of teachers' salaries and maintenance and operation expenses, which deficit was paid by a temporary bank loan, and it was, in turn, paid out of the first revenues of the Board for the fiscal year 1953–54. This was included in the budget for that year and approved by the Department of Education.

"6. Except for that deficit occasioned by the unexpected shortage in the revenues of the Board, the Board did live within its anticipated income for the fiscal year 1952–53 as set out in the approved budget. That deficit which was paid out of the first revenues for the year 1953–54 was occasioned by a deficit in that amount of approximately $28,000 at the end of the 1953–54 fiscal year which is evidenced by unpaid teachers' salaries and maintenance and operation expenses.

"7. The shortage of whiskey tax receipts for the year 1952–53 had the effect merely of deferring those receipts until such times as such whiskies are withdrawn from storage when the LaRue County Board will receive such taxes plus interest at the rate of 6% per annum. Such whiskies are required to be tax paid within eight years from the date of deposit in the bonded warehouses. There is no way for the Board of Education to know at the beginning of any fiscal year how much whiskey will in fact be withdrawn by the distillers. The Board's estimate of such whiskey tax receipts was considered by the Department of Education to be conservative. The plan of financing the $28,000 of deficit has been approved by the Department of Education of the State of Kentucky, and it is estimated that $28,000 of funding bonds as set up in the proposed maturity schedule can be amortized at a cost of 4¢ per $100 of property assessed for taxation and that the Board would not need to exceed the regular maximum tax levy of $1.50 to amortize these bonds."

The State Board of Education, by its finance officer, has approved and recommended the proposed bond issue, which was in the amount of $30,000. But, as stated, the court approved only a $28,000 issue.

■ The evidence fully sustains the findings of fact. There is no doubt that the officials have had a due and conservative regard for the finances of the district and a reasonable prospective normal situation. They could not have reasonably anticipated the failure in the revenue from whiskey withdrawals nor the small deficiency in the ordinary franchise and property collections. In Blancett v. Leet, 297 Ky. 141, 179 S.W.2d 223, which seems to be the latest opinion dealing with funding bonds of a board of education, we reviewed the cases and approved a bond issue to cover an accummulation of deficits in the collection of revenues provided for each year by the tax levying authority. However, we noted again, as in Fiscal Court of Lincoln County v. Lincoln County Board of Education, 273 Ky. 174, 115 S.W.2d 891, that in respect to the matter of conservative fiscal management and good faith incurrence of a deficit, a board of education should reduce its annual budgets by the amounts of the previous deficiencies in anticipated collections and sounded a warning for future guidance of such boards. In the present case the deficit to be funded by the LaRue County Board of Education is not a "floating debt" created over a period of years. All of it arose in one year under an extraordinary condition.

■ The taxation of whiskey stored in bonded warehouses is unique. Under fed-

eral and state law payment of the taxes is deferred until the whiskey is withdrawn from the warehouses, which, however, must be within eight years after being placed there. The taxes bear legal annual interest until paid. U.S. Internal Revenue Code, 26 U.S.C.A. § 3310(c); KRS 132.160. See National Distillers Product Corp. v. Board of Education of Franklin County, Ky., 256 S.W.2d 481. It is a matter of public knowledge that throughout the state there was a great falling off in the amount of whiskey withdrawn from the warehouses in the past year and this resulted in embarrassment to most of the taxing districts in which such property was located. The tax on this property is not lost to the Board of Education, as the trial court noted, but payment thereof is merely postponed. It will eventually be received with interest. It does not appear that we have had a previous case where the court adjudged that payment of funding bonds should be, in part, made from deferred collections of taxes from a particular source. But it seems to us this is a sound and wise provision and that it is authorized as a matter within judicial discretion.

█ The Board of Education sought to have it adjudged that the maximum tax rate of $1.50 now provided by the statute could be exceeded in any amount sufficient to meet the requirements of the sinking fund. It now urges that it was error to hold that the bonds will be payable out of the regular levy. It is shown by the testimony that this may be reasonably done without seriously impairing the efficiency of the school operations. The State Board of Education seems to have based its approval of the bond issue upon that condition. It appeared to be a matter of absolute necessity in the extraordinary instances where this court authorized, as within the permission of the Constitution, the levy of a tax rate in excess of specific constitutional limitations in order to pay adjudged valid debts of a county or city. See Griffin v. Clay County, 304 Ky. 592, 201 S.W.2d 733; City of Hickman v. First National Bank of New York, 307 Ky. 702, 211 S.W.2d 801; Farmers State Bank v. Owsley County, 314 Ky. 856, 238 S.W.2d 471. It is not necessary here to decide whether a similar authority exists in respect to the statutory maximum tax rate that may be levied for a county board of education, for the conditions do not demand such an extreme remedy. We fully concur in this part of the judgment also.

The judgment is affirmed.

CAMMACK, J., not sitting.