98          KENTUCKY REPORTS.  [Vol. 138.

Fiscal Court of Logan Co., &c., v. Board of Education Logan Co.

CASE 12.—ACTION BY THE FISCAL COURT OF LOGAN COUN-
TY AND OTHERS AGAINST THE COUNTY BOARD
OF EDUCATION ON SUBMITTED QUESTIONS.—
April 22, 1910.

## Fiscal Court of Logan County, &c. v. Board of Education, Logan County.

Appeal from Logan Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for defendant, plaintiffs appeal and de-
fendant files a cross appeal.—Affirmed on the appeal
and reversed on the cross appeal.

1.   Schools and School Districts—School Funds—Capitation Tax.
     —Since the imposition of a poll or capitation tax for school
     purposes is authorized by the Constitution, it is the absolute
     duty of the fiscal court to levy a capitation tax within the
     statutory limit at the request of the board of education.
2.   Schools and  School  Districts—Regulation—Taxes.—Under
     Ky. St. section 4426a, conferring on a county board of educa-
     tion control of the educational interests and' needs of the
     county, it is the duty of the board before asking the fiscal
     court for a levy for educational purposes to estimate  the
     amount which in the judgment of the board may be needed
     for that purpose, which  request, if within the  prescribed
     limit, must be complied with by the fiscal court.
2.   Schools and School Districts—School Funds—Expenditure—
     Purpose.—Under Ky. St. section 4426a, authorizing the coun-
     ty board of education to purchase, lease, or rent school sites,
     to build, repair and rent schoolhouses, purchase school fur-
     niture or other apparatus necessary to the conduct of the
     schools, the board may expend the school funds in its discre-
     tion for all the educational needs of the county, and so long
     as the discretion is not abused or is reasonably exercised,
     it will not be interfered with by the courts.

4.  Schools and School Districts—School Funds—Expenditure—
    Statutes.—Ky. St. section 4426a, authorizing county boards
    of education to disburse school funds, is not retroactive,
    and does not authorize such boards to use any funds coming
    into its hands to pay debts created by school districts prior
    to the enactment of such section, such debts being pay-
    able only as provided by the law in force when the indebted-
    ness was created.

5.  Schools and School Districts—School Funds—Disbursement—
    Taxpayer's Action.—A citizen and taxpayer of a county may
    maintain proceedings to restrain the county board of educa-
    tion from illegally disbursing or misapplying school funds.

E. J. FELTS for appellants.

S. R. CREWDSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.

This is an agreed case for the purpose of settling
some questions about which there was a difference of
opinion between the fiscal court and the board of edu-
cation. The questions are (1) Is the fiscal court re-
quired by law to levy a sufficient tax to raise the
amount of funds asked for by the board of education,
provided such amount does not exceed 20
cents on the $100 on the assessed valuation
of taxable property subject to taxation for school pur-
poses, and $1 poll or capitation tax; or, has the fiscal
court a discretion as to the amount of tax it will levy
for school purposes? (2) Can, or not, the fiscal court
be required to levy an ad valorem tax and a capita-
tion tax in any amount for the purpose of paying a
debt incurred for any purpose by any school district
prior to the time the act of 1908 went into effect, for
the purpose of paying the balance due on any school-
house building legally contracted for prior to the
going into effect of the act of 1908, but not fully paid
for at said time; is such a debt one against the board

of education and to which the funds received by it
from the tax levied by the fiscal court may be sub-
jected, or is such debt one that must be paid by the
individual district incurring the same prior to the
time the act of 1908 went into effect? (3) Is the fis-
cal court required by law to make a levy upon the es-
timate made to it by the board of education, and to
levy the amount asked for by it upon said estimate,
irrespective of the character of items submitted by
the board of education; or has the fiscal court the
right to inquire into such estimate and ascertain
whether or not the items thereof constitute a legal
demand against the board?

So much of the act of 1908 (Laws 1908, c 56), now
section 4426a of the Kentucky Statutes as it is neces-
sary to consider in disposing of the questions sub-
mitted for our consideration, reads as follows:

"(9) It shall be the further duty of the county
board of education to estimate and lay before the
fiscal court of the county the educational needs of the
county in accordance with such estimate, and said
county shall levy tax for school purposes not to ex-
ceed twenty cents on each hundred dollars of assessed
valuation of property in the county, and a capitation
tax not exceeding one dollar, and the sheriff shall
then collect this tax as other state and county taxes
are collected. * *.* When the tax so levied shall
have been collected by the sheriff of the county, he
shall turn over to the county superintendent, who
shall act as treasurer of the county board of educa-
tion, the amount of money so levied and collected, and
the county board shall expend the money so received
in the building, improvement and equipment of school
houses, for the purchase and condemnation of neces-
sary real estate, for the payment of teachers, pur-

chasing necessary supplies and the extension of the
school term in the various sub-districts throughout
the county, as in their judgment as a county board
the needs of the individual schools for white and
colered pupils demand.  * * *

"(11) The county board of education shall have
the power to purchase, lease, or rent school sites, to
build, to repair and to rent school houses, purchase
maps, globes, charts, school furniture, or other appa-
ratus necessary to the  efficient conduct of the schools
of the county, and said county board is hereby vested
with the title, care and custody, of all school houses,
sites, or other property belonging to the districts of
their several counties, and when in the opinion of the
board, any site for school house has become unneces-
sary, they may sell and convey the same in the name
of the county board of education.  * * *

"(13) The county superintendent shall keep an
exact account of all receipts and disbursements and
shall report the same in detail to the county board
as often as they may require and annually to the fis-
cal court of the county on the date specified by that
court for receiving said report.  The books and rec-
ords of the county board shall be open for the inspec-
tion of any citizen of the county."

Under these statutes we held in McIntire v. Powell
(not yet officially reported) 125 S. W. 1087, that the
imposition of a poll or capitation tax for school pur-
poses was authorized by the Constitution.  It was.
therefore the right and duty of the fiscal court to
levy a capitation tax as requested by the board of
education, and the amount of this tax now in the
hands of the sheriff should be paid over to the coun-
ty superintendent for the use and benefit of the board
of education.  The board of education has control of

the educational interests and needs of the county,
and it is the duty of the board before asking the
fiscal court to make a levy for educational purposes
to estimate the amount that in the judgment of the
board may be needed for this purpose.  And when
the board of education requests the fiscal court to
levy a property and capitation tax within the stat-
utory limit, it is the duty of the fiscal court to levy
the property and capitation tax requested  by  the
board, if it is within the statutory limit.  The fiscal
court has no discretion to exercise on this subject.
It must lay the levy demanded.  In submitting to the
fiscal court an estimate of the amount that in the
judgment of the board is needed it is not necessary
that the board should mention the specific purposes,
or any of the purposes, to which it intends to apply
the funds.  The expenditure of the funds within the
statutory limits is entirely within the discretion of
the board of education.  It can use them as provided
in the statute ''in the building, improvement and
equipment of school houses, for the purchase and
condemnation of necessary real estate, for the pay-
ment of teachers, purchasing necessary supplies and
the extension of the school terms in the various sub-
districts throughout the county, as in their judgment
as a county board the needs of the individual schools
for white and colored pupils demand.''  And this
carries with it the power given in the statute ''to
purchase, lease, or rent school sites, to build, to re-
pair and to rent school houses, purchase maps, globes,
charts, school furniture, or other apparatus neces-
sary to the efficient conduct of the schools  of  the
county.''  In short, the objects mentioned  in  the
statute for which the board of education may ex-
pend the funds under its control comprehends all the

educational needs of the county.  The statute was intended to, and does, invest the board of education with a large discretion in the expenditure of the funds levied for the benefit of the schools, and so long as this discretion is not abused, or is reasonably exercised, the courts will not interfere with it.  But, as said in Board of Education of Pike County v. Andrews Co., 122 S. W. 207, the provisions of the act of 1908 "were not intended in any wise to be retroactive, but they look to and deal with the present and the future good of the various schools throughout the country," and the board of education has no power to use any of the funds that may come into its hands in the payment of debts created by school districts prior to the enactment of the law  of  1908. School districts that had incurred indebtedness before the act of 1908 became effective must satisfy such indebtedness in the manner provided by law at the time the indebtedness was created.

The county superintendent is required by the statute to keep an exact account of all receipts and disbursements of the board, and to report the same in detail to the board as often as they may require, and annually to the fiscal court, and the books and records are at all times open for the inspection of any citizen of the county.  And so any citizen of the county can at any time inform himself of the amount of money in the hands of the board and the disposition the board is making of the funds placed under its control, and if the board should at any time attempt to divert or misapply the funds, any citizen and taxpayer of the county has the right to institute such proceedings as may be necessary to restrain such illegal disbursement or misapplication.  Whether or not the members of the board would be per-

sonally liable for an illegal or unauthorized disposition of the funds we do not determine.

As the judgment of the lower court, except in one particular, conforms to the views we have expressed, it is affirmed on the appeal and reversed on the cross-appeal, with directions to enter a judgment in conformity with this opinion. Each party will pay one-half the costs in this court.