## Spradlin v. Floyd County Board of Education.

### (Decided February 11, 1915.)

### Appeal from Floyd Circuit Court.

1. Schools and School Districts—Board of Education—Control and Disposition of School Funds.—The control and disposition of school funds by the Board of Education when they act within the scope of the statute is entirely in their discretion, and a suit by citizens seeking to have the board expend the money received from the Fiscal Court in certain ways or on certain buildings, will be dismissed.

2. Schools and School Districts—Board of Education—Rescission of Orders Made by Board.—If the Board of Education makes an order on its books in advance of its application to the Fiscal Court for school funds indicating to what purpose they will apply the funds, they may at any time afterwards revoke this order.

HARKINS & HARKINS for appellant.

MAY & MAY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On July 19, 1913, the Floyd County Board of Education met in the office of the Superintendent of County Schools and entered on its records the following order: "Ordered that we prepare our estimate of taxation to file with the fiscal court of twenty cents on each one hundred dollars, and a poll tax of one dollar, for the purpose of building a new house in division number one, district number one."

After this time it appears that the personnel of the Board of Education changed, and in December, 1913, what may be called the new board entered the following order: "The County Board of Education of Floyd County, believing that the public school building of Subdistrict No. 1, Division No. 1, in the town of Prestonsburg, is wholly inadequate to accommodate the number of children in said subdistrict, and being not only too small but in a run-down or worn out condition, so much so that it is impossible to make it answer the needs of said subdistrict

any longer, and we believe that it is absolutely necessary to build a new house in said subdistrict at once; in order to meet the expense of a suitable, modern building in the above named subdistrict, and to meet the incidental expenses and other obligations of the County Board of Education for the coming year 1914, we ask that the Fiscal Court of Floyd County lay a levy for the coming year for school purposes as follows: twenty cents on each one hundred dollars of assessed valuation of property in the county and a capitation tax of one dollar.''

Subsequent to the making of this last order of estimate of the Board of Education, the fiscal court entered an order levying a property tax of twenty cents and a poll tax of one dollar for the use and benefit of the Board of Education, to be expended by it in the betterment of the schools of the county.

After this the appellant, Spradlin, a citizen and taxpayer of Educational Division No. 1, District No. 1, suing for himself and other taxpayers of that district, brought this suit in equity against the Board of Education of Floyd County, and after averring that the order made by the Board of Education on July 19, 1913, was conclusive and irrevocable by the board, he averred that in violation of this order the board was attempting to divert the funds arising under the levy of the fiscal court from the purpose specified in this order and was about to expend the money, or a large part of it, raised by the levy in the construction of other school buildings in the county but located outside of Educational Division No. 1, District No. 1.

He further averred that the public school building in Educational Division No. 1, District No. 1, was unsafe, unsanitary and wholly inadequate for the accommodation of the school children in that district, and that it was necessary, in order to furnish a suitable school building in this district, that all the money raised by the levy should be appropriated for that purpose. He, therefore, sought an injunction restraining the board from using the funds arising from the levy for any other purpose than that indicated in the order of July 19th.

To this petition a demurrer was filed and also an answer setting up the reasons that influenced the Board of Education to distribute the money raised by the levy among the schools of the county. The case being submitted on the pleadings, the court ruled that the demurrer to the petition should be sustained and dismissed it.

We do not find ourselves able to agree with counsel for the appellant as to the effect of this order made by the Board of Education on July 19th. We do not think it was binding either on the board as then constituted or on the board as constituted when the application to the fiscal court for funds was made. This order was merely an expression of opinion on the part of the board as to what disposition should be made of the funds raised for school purposes, and this opinion the members of the board had the right to change whenever they saw proper.

Under Section 4426a of the Kentucky Statutes the exclusive management of the public schools of the county is with the Board of Education, and this board has the right to use the funds raised by taxation and turned over to it in such a manner as the best interests of the schools of the county may demand.

In Fiscal Court of Logan County v. Board of Education, 138 Ky., 98, in speaking of the powers of the Board of Education in respect to the expenditure of funds, we said: "The expenditure of funds within the statutory limits is entirely within the discretion of the Board of Education. It can use them as provided in the statute. * * * In short, the objects mentioned in the statute for which the Board of Education may expend the funds under its control comprehend all the educational needs of the county. The statute was intended to, and does, invest the Board of Education with a large discretion in the expenditure of the funds levied for the benefit of the schools, and so long as this discretion is not abused, or is reasonably exercised, the courts will not interfere with it."

Adopting this view of the power of the board, which seems to have been conferred by the statute, we do not think that any citizen can interfere with the discretion of the board in using school funds in the betterment of the schools of the county or control the action of the board in respect to the school building the funds shall be used for the improvement of.

It may be admitted that the school building in Educational Division No. 1, District No. 1, is inadequate for the needs of the school, but doubtless in the judgment of the Board of Education other school buildings in the county were more inadequate. And we think it was plainly contemplated by the statute that the board should be at liberty to use the funds in improving such buildings as in its judgment most needed improving. If the action of the board could be interfered with in the manner

here attempted, there would be continual confusion growing out of the efforts of citizens in different parts of the county to obtain for certain districts such part of the funds as in their judgment was necessary to improve the school buildings.

We think the judgment of the lower court was correct and it is affirmed.