# Piggott v. Kasey et al.

(Decided Jan. 25, 1938.)

MOORMAN & BEARD and ROBERT O. TRENT for appellant.
WOODWARD, DAWSON & HOBSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The appeal challenges the propriety of a judgment upholding the validity of a $21,000 bond issue by the town of Irvington for school purposes.

In view of the necessity for an immediate decision, it is not possible to do more than give a brief statement of the facts and the conclusions of the court.

Irvington is situated in Breckinridge county and is a city of the sixth class. It lies wholly within the boundaries of the Irvington Independent school district. The district needed a new school building and was without means to construct it. The board of trustees of the district applied to the Public Works Administration for the necessary funds, and the board was advised by that body to proceed under sections 4421-1 to 4421-38, Kentucky Statutes. Conforming to the suggestion of that

body, the application was amended and made in the name of the town of Irvington. After considerable delay, a grant of $19,636 was made by the government. In the meantime the old building at Irvington was destroyed by fire, and the grant by the government was not sufficient to provide a new building and the necessary equipment. Thereafter, the board of trustees of the Independent district conveyed the school property to the town of Irvington. By appropriate resolutions the board of trustees of Irvington accepted the conveyance and authorized a bond issue of $21,000, under the statutory plan by which the school property was to be rented to the board of education for one year, with the option of renewal from year to year until the bonds were retired. It then developed that the assessed valuation of the property in the district was too small to produce sufficient revenue to operate the school, pay the agreed rental, and retire the bonds. Thereafter, by resolution of the board of trustees of the Independent school district and the county board of education, the Independent school district was merged with the county school district pursuant to section 4399-4, Kentucky Statutes. The county board of education then established a subdistrict with the same boundary as the old Independent district, and assumed all the assets and obligations of the old district, including the lease of the town of Irvington and the option therein contained. An election was then called for the purpose of voting a special tax to retire the bonds. The election was held and resulted in a favorable vote.

(1) The plan provided by the statutes for financing the construction of necessary school buildings is that an independent school district within the city must convey the school property to the city, whereas school districts located outside the city must convey the property to the county. It is therefore insisted that, inasmuch as the former city district has become merged into the county district, the bonds should be issued by the county. Manifestly, if the bonds authorized by the town of Irvington had been sold, the subsequent merger would not have affected their validity, and it is not perceived why it should have a different effect in the circumstances presented. The city or the county, as the case may be, is merely the agent for carrying out the plan

provided by the statute. As the Irvington Independent district embraces the town of Irvington, a city of the sixth class, it was proper for the district to convey the property to the town, and thereupon the town had the authority to carry the statutory plan into effect by executing the necessary lease, and authorizing the sale of the necessary bonds. The subsequent proceedings leading up to the merger, and the voting of the tax, were for the sole purpose of strengthening the bonds already authorized, and were not such as to take away the authority of the city to issue the bonds, or to require that the whole proceeding be set aside and that the county be substituted in place of the city.

(2) The bonds have been sold to the Bankers Bond Company, and it is insisted that, under section 4421-6, Kentucky Statutes, bonds cannot be sold to a private person. It is true that the statute provides that the city may borrow money from the Public Works Administration or other agency of the federal government and issue negotiable bonds, but, as pointed out in construing a similar statute, the clear purpose of the General Assembly was to enable governing bodies of educational institutions to finance the construction of necessary buildings upon the best terms possible, and not to require them to borrow only from the Public Works Administration or other agency of the federal government. J. D. Van Hooser & Co. v. University of Kentucky, 262 Ky. 581, 90 S. W. (2d) 1029.

On the whole, we concur in the conclusion of the chancellor that the bonds are valid.

Judgment affirmed.

Whole court sitting.