## Fyfe et al. v. Hardin County Board Of Education.

October 17, 1947.

George K. Holbert. Judge.

J. W. Hodges, J. E. Wise and Layman & Layman for appellants.

J. Howard Holbert and Wyatt & Grafton for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The Board of Education of Hardin County concluded that it was necessary to enlarge and improve the school facilities of the county, and that issuance of school building revenue bonds, under authority of KRS 162.300, was the only practical solution of its problems. It requested the fiscal Court of Hardin County to cooperate with it in the issuance of school revenue bonds in the principal amount of $400,000 in the manner authorized by KRS 162.300, and announced its readiness to comply in all respects with the Statutes authorizing counties to acquire school buildings and to issue bonds therefor payable from the revenues of such buildings. The Fiscal Court refused to take the steps prescribed by the Statutes, and the Board of Education brought

this action against the members of the Fiscal Court of Hardin County for a declaration of rights and a writ of mandamus.

KRS 162.300 authorizes a county board of education to finance the construction of school buildings according to a plan set forth in sections 162.120 to 162.290. These sections provide that a board of education may convey a site for a building to the county, and the county shall enter into a contract with some person for the erection of a building on the site according to plans and specifications adopted by the county and approved by the board of education and the Superintendent of Public Instruction. The board of education shall offer to lease the building for a term of one year, with an option to extend the term of lease from year to year at a rental which will amortize the total cost of the erection of the building and appurtenances and the cost of maintenance and insurance. The original term of the lease may not be extended for a total number of years exceeding 30. The fiscal court is required to issue revenue bonds for the purpose of providing the necessary funds. The bonds are negotiable, tax exempt, and payable solely from the revenue derived from the school building. KRS 162.190 provides that they shall not constitute an indebtedness of the county within the meaning of the constitutional limitations.

In its petition the Board of Education set forth at length facts showing why it is necessary to enlarge and improve the school facilities of Hardin County. It appears from the allegations of the petition that the school population of Hardin County has doubled during the last 8 or 10 years; that the school buildings are overcrowded; and that one building constructed more than 75 years ago is unsafe. The allegations of the petition are supported by the proof introduced by the Board of Education. The court adjudged that, under the provisions of section 162.300 of the Kentucky Revised Statutes and other sections of the Statutes incorporated therein by reference, the Fiscal Court is mandatorily required to act in the authorization, issuance, sale and delivery of revenue bonds as requested by the Board of Education, and that the Fiscal Court is not vested with any discretion in that connection. It was also adjudged that the bonds will not constitute any indebted-

ness of the County within the meaning of limitations imposed by the Constitution of Kentucky. Section 158. The plaintiff's motion for a writ of mandamus was sustained. Appellants, who are members of the Hardin Fiscal Court, contend that they are vested with a discretion in all the matters contained in the Statutes heretofore referred to, and that their discretion was exercised reasonably under the circumstances.

County boards of education are given control and management of public schools in their districts subject to the rules and regulations of the State Board of Education. Subsection 1 of section 160.290 of the Kentucky Revised Statutes provides: "(1) Each board of education shall have general control and management of the public schools in its district and may establish such schools and provide for such courses and other services as it deems necessary for the promotion of education and the general health and welfare of pupils, consistent with the rules and regulations of the State Board of Education. Each board shall have control and management of all school funds and all public school property of its district and may use such funds and property to promote public education in such ways as it deems necessary and proper. Each board shall exercise generally all powers in the administration of its public school system, appoint such officers, agents and employes as it deems necessary and proper, prescribe their duties, and fix their compensation and terms of office."

The Legislature has always zealously guarded the rights of school boards to control and manage the public schools without interference or supervision by other bodies. Responsibility for the proper management of the school system of a county is vested in the board of education. The funds needed to conduct the schools, the salaries of teachers and other employees, and the number, character and locations of buildings are matters left, and necessarily so, to the judgment of the members of the board of education. KRS 160.460 provides that the fiscal court shall levy an ad valorem tax at the rate specified by the county board of education within the limitations prescribed in KRS 160.480 and 160.490. Somewhat similar provisions have prevailed for several

years, and this court has uniformly held that the discretion as to the amount of money necessary for the proper operation of the school system is vested in the board of education and not in the tax levying authority, and the latter has been mandatorily required to levy a tax for school purposes sufficient to produce the amount requested by the board of education. The tax levying authority can question the amount requested only if the budget submitted contains an illegal expenditure, a computation unlawfully arrived at, or bad faith on the part of the school board appears. City of Paducah v. Board of Education of Paducah, 289 Ky. 284, 158 S. W. 2d 615; Fiscal Court of Logan County v. Board of Education of Logan County, 138 Ky. 98, 127 S. W. 527. When the Legislature enacted section 162.300 and the other sections referred to therein, it did not intend that the acts of a county board of education might be vetoed by the fiscal court. As said in Franklin County v. Franklin County Board of Education, 267 Ky. 554, 102 S. W. 2d 1024, 1025, "The county has no choice in the matter and is simply a conduit through which the board of education secures a loan and a building." In that case a dispute had arisen between the fiscal court and county board of education as to which of the two agencies had the right to designate the site to be used in the construction of a high school building, since the Statutes made no express provision for securing a site. It was held that there is nothing in the Statutes which justifies a conclusion that the fiscal court may exercise a legal compulsion on the school board in the selection of a site for a building. The opinion concluded: "Examined in the light of the history of these plans in the past and of the fact that the project is purely and only a school project, we find no difficulty in concluding that it is the board of education, and not the fiscal court, that has both the power and the duty, under the statutes, to determine the site upon which the building shall be erected."

This language is equally appropriate when a fiscal court undertakes to exercise its judgment in opposition to the judgment of the board of education as to the need for new school buildings, and whether or not the plan authorized by the Statutes to provide them shall be put into effect. In Piggott v. Kasey, 271 Ky. 651, 113 S.

W. 2d 5, 6, these Statutes, then sections 4421-1 to 4421-38 of the Kentucky Statutes, were considered, and the court said: "The city or the county, as the case may be, is merely the agent for carrying out the plan provided by the statute."

Appellants argue that the Fiscal Court is not authorized to issue bonds as requested by the Board of Education because KRS 162.300 provides that sections 162.120 to 162.290 of the Kentucky Revised Statutes shall be applicable to counties and county boards of education as well as to cities and city boards of education "except that the provisions of KRS 162.120 to 162.140 may be used only for the construction of school buildings with financial assistance from the Federal Government." The argument was answered adversely to appellants' contention in Morgan v. Fayette County Board of Education, 294 Ky. 597, 172 S. W. 2d 64, 66, where it appeared that no Federal assistance was forthcoming. The history of the legislation culminating in KRS 162.120 to 162.300 was given, and it was pointed out that the Federal Public Works Administration had ceased to function when the Revised Statutes became effective, while the need for improved school facilities remained. In the course of the opinion it was said: "The purpose of the original enactment was to enable the several boards of education to co-operate with the Federal government to make work for men out of employment and at the same time to enable the boards to receive cash contributions and borrow money under the self-liquidating or revenue plan from the Federal agency known as the Public Works Administration. The immediate occasion or specific purpose of legislation is not always controlling in the interpretation of a statute, for in an act conferring authority the question is the extent of the authority conferred and the ultimate or broad purpose of the enactment. Often the precise conditions have disappeared and the purpose of the law must of necessity be held adaptable to changed conditions, perhaps unforeseen or unimagined, if the object to be accomplished exists and the accomplishment of that object is the primary intent of the act. If procedural provisions of a statute are merely to achieve its end and purpose, they will be deemed directory only and other means may be held legal to reach the objective."

It is suggested that the records of the Hardin County Board of Education fail to set out with sufficient particularity the action taken in the premises by the Board. The records are not as complete as they might be, but the record before us shows that the members of the Fiscal Court understood exactly what the Board of Education proposed to do, and with this knowledge and the request of the Board before them to cooperate in carrying out the plan provided in the Statutes they definitely declined to act. This presented a controversy warranting this proceeding for a declaration of the rights of the parties.

The circuit court correctly adjudged the rights of the parties, and the judgment is affirmed.