## BOARD OF EDUCATION OF HOPKINS COUNTY et al. v. HOPKINS COUNTY et al.

Court of Appeals of Kentucky.
March 7, 1952.

Gordon, Gordon & Mills, Madisonville, for appellants.

Laurence T. Gordon, Madisonville, Hubert Meredith, Owensboro, for appellees.

CLAY, Commissioner.

This is the second round in a fight on the part of certain Hopkins County citizens to block the merger of the Hopkins County Board of Education and the Madisonville Board of Education. We have held once that such merger was valid. Hopkins County Board of Education v. Hopkins County, Ky., 242 S.W.2d 742.

At the conclusion of that opinion we left the case open for further proper pleadings. On the return of the case, the Hopkins County Board of Education (the plaintiff) moved to dismiss the declaratory judgment proceeding on the ground that our determination of the merger's validity sufficiently declared the law to its satisfaction, and that further delay, litigation and expense would be detrimental to the public interest. The lower court sustained the motion to dismiss, with the proviso that an amended intervening petition and counterclaim might be filed by those objecting to the merger. Thereupon such amended intervening petition was filed, a motion to strike and a general demurrer thereto were overruled, and the court adjudged the merger was "invalid, illegal, ineffective, null and void."

The question is whether or not the amended intervening petition stated facts sufficient to show the invalidity of the merger.

The pleading first alleges that the designation of five divisions of Hopkins County for the purpose of electing school board members, which had been agreed upon in the merger plan, was unfair and unlawful because it would make possible the control of the Board by three members elected from the City of Madisonville. It is doubtful if the facts stated sufficiently show that the designated divisions do not comply with the provisions of KRS 160.210. However that may be, subsection 4 of this statute provides an adequate and complete remedy by appeal to the county court from the action of a board making a division change. Since this specific remedy is available to appellees, we do not think the question may properly be raised in this proceeding. At any rate, the Board's action in this respect does not affect the validity of the merger.

The second ground of invalidity is that the proposed building plan of the merged Board is discriminatory and not financially sound. It is clear from this record and the record on the former appeal that such plan has been abandoned. Appellants' motion to dismiss this action without an adjudication concerning it shows an intention to abandon. Appellees are obviously attempting to resurrect a dead issue. Even if not, as suggested in the former opinion, the merger itself does not effectuate a new building program or change the school system; and consequently these allegations are foreign to the question of its validity.

Finally the amended intervening petition alleges that the merger was for the private benefit of the school superintendents of the Hopkins County and Madisonville public schools. This conclusion is based upon the fact that the proposed merger resulted in their being given salary increases. These allegations are little more than frivolous. The action taken was within the statutory powers of the Board, and even if it was unjustified, it obviously would not invalidate the Board's existence.

The amended intervening petition does not state facts sufficient to show the merger was invalid.

The judgment is reversed with directions to dismiss the intervening petition as amended, and to enter a judgment confirming the validity of the merger.