## HOPKINS COUNTY FISCAL COURT et al. v. COMMONWEALTH ex rel. ATTORNEY GENERAL et al.

Court of Appeals of Kentucky.

Nov. 13, 1952.

Earle M. Nichols and Laurence T. Gordon, Madisonville, for appellants.

J. D. Buckman, Jr., Atty. Gen., M. K. Gordon and Maubert R. Mills, Madisonville, for appellees.

COMBS, Justice.

This the third and, it is to be hoped, the final chapter of this prolonged litigation. In Hopkins County Board of Education v. Hopkins County, Ky., 242 S.W.2d 742, and Hopkins County Board of Education v. Hopkins County, Ky., 247 S.W.2d 54, we

upheld validity of the merger of the Hopkins County Board of Education with the Madisonville Board of Education.

The Board of Education, in this mandamus proceeding, seeks to require the Fiscal Court to approve the issuance of certain revenue bonds and to enter other orders incident to the merger, under the provisions of KRS, Chapter 162. The suit was filed in the name of the Commonwealth, on relation of the Attorney General, as is authorized by sections 474–478, Civil Code of Practice. The Circuit Judge, Honorable H. F. S. Bailey, granted the writ.

The Board has scrupulously followed the directions of the statute in submitting its program to the Fiscal Court. The Fiscal Court assigned no reason for its disapproval. We held in Fyfe v. Hardin County Board of Education, 305 Ky. 589, 205 S.W.2d 165, that the Fiscal Court may not substitute its discretion for that of the school district as to the soundness of the program. The Fiscal Court insists on this appeal that the Board has abused its discretion. Complaint also is made of two procedural matters which occurred during pendency of the case in the circuit court.

During the course of the proceedings certain taxpayers filed an intervening petition resisting the writ. The court ordered the intervening petition stricken. The Fiscal Court then amended its answer so as to include the same matters of defense contained in the intervening petition. The questions raised by the intervenors having been considered by the court as a part of the amended answer, it is unnecessary for us to review the order striking the intervening petition. The rights of the intervenors were not prejudiced.

On the trial of the case the Board offered testimony in the form of affidavits. The Fiscal Court objected on the ground that affidavits could not properly be read in this type of case. The court permitted the affidavits to be read but reserved its ruling on the question of competency. The Fiscal Court then offered testimony, both orally and in deposition form. The Board objected to this form of testimony. The court permitted introduction of the testimony and again reserved its ruling on the question of competency. The objections of both sides were later overruled. The Fiscal Court insists the affidavits should not have been considered.

Included as part of the record is an excellent opinion by Judge Bailey on the subject of mandamus in general, and the manner in which testimony should be presented in particular. Although the requirements of space prohibit the reproduction of the opinion, it may be said that Judge Bailey concluded the procedure in mandamus proceedings is not settled in Kentucky, and that the manner and form of presentation of the testimony should be left to the discretion of the judge who hears the proceeding. With this we agree, subject to the qualification, which would be implied in any event, that the discretion must be exercised in such manner as will not prejudice the rights of the litigants. Cf. Gilman v. Doak, 194 Ky. 21, 237 S.W. 1069, where it was held that affidavits could be read on an application for a writ of prohibition.

We find no merit in the Fiscal Court's argument that the Board is acting arbitrarily and is abusing its discretion. The program appears to be financially sound and is within the limits of authority granted by the Legislature to Boards of Education. The case of Fyfe v. Hardin County Board of Education, cited above, 305 Ky. 589, 205 S.W.2d 165, is directly in point. The contention that the program has not been approved by the Superintendent of Public Instruction also is without merit.

The judgment is affirmed.