**Opinion issued March 20, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NOS. 01-13-00114-CR AND 01-13-00115-CR

—————————————

**BRIAN BRIGGS BAXTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 253rd District Court**
**Chambers County, Texas**
**Trial Court Case No. 16388**

---

## MEMORANDUM OPINION

Brian Baxter pleaded not guilty to two counts of aggravated sexual assault of a child under the age of six, a first-degree felony offense. *See* TEX. PENAL CODE ANN. § 22.021(f) (West Supp. 2013). The trial court consolidated the counts into

one proceeding and, following a seven-day trial, the jury returned a guilty verdict on both charges. The jury assessed punishment at sixty-five years' confinement and imposed a $10,000 fine on each count. The trial court directed that the sentences run concurrently.

On appeal, Baxter contends that insufficient evidence supports the jury's guilty verdict and that he was denied effective assistance of counsel in violation of his constitutional rights. We affirm.

### Background

A girl was practicing for a pre-school performance when she touched another female student between her legs. The student ran away from the girl and reported to their teacher that the girl had touched her inappropriately. The teacher took the girl aside and asked why she did that; the girl responded, "Because that's what my mama and daddy do to me." The teacher asked the girl what she meant, and the girl responded that Baxter, her father, "sticks his tee-tee in her tu-tu." The teacher asked the girl for clarification about each parent's conduct. The girl told the teacher that Baxter assaulted her when her mother went to the grocery store or was sleeping. The girl explained that her mother did not touch her that way, but that her mother knew about Baxter's conduct and was very angry with him. The mother also told the girl that she was disappointed in her. The girl complained of

2

burning and pain in her vaginal area. The girl was four or five years old at the time.

The teacher took the girl to the nurse's office while the school contacted Child Protective Services (CPS). After her interview with CPS, Deputy D. Rabalais of the Chambers County Sheriff's Office, accompanied by a female employee of the Sheriff's Office, transported the girl to Child Abuse and Forensic Services, a nonprofit facility that performs sexual assault examinations and evidence collection. Brenda Garison, a certified sexual assault nurse examiner (SANE) with nearly twenty years of experience, examined the girl. During the examination, the girl told Garison, "My daddy, he hurt my private really bad." The girl became anxious when she saw that Garison had a camera, saying, "You're not going to take a picture of my private, are you? . . . I don't want you to take a picture. . . . People will laugh." Garison asked the girl if anyone had ever taken a picture of her private. The girl responded, "my daddy." The examination showed trauma to the genital area.

At trial, the girl testified that she told her teacher that Baxter put his penis in her vagina. The girl described one assault that took place while she was doing her homework. She testified that Baxter assaulted her two times, but that she could not remember the other time.

3

Dr. Alvarez-Sanders, who holds a doctoral degree in clinical psychology, also testified for the State. She provides individual counseling and performs psychological evaluations. A substantial portion of her work involves treatment and evaluation of children and adolescents; about half of them are in CPS custody and have histories of neglect, physical abuse, or sexual abuse.

Dr. Alvarez-Sanders evaluated the girl twice, once in 2010 and again in 2012. Both times, she diagnosed the girl with post-traumatic stress disorder (PTSD) consistent with the Diagnostic and Statistical Manual of Mental Disorders (DSM-IV). The DSM-IV is published by the American Psychiatric Association and provides standard classification of mental disorders for the use of mental health professionals in the United States. Dr. Alvarez-Sanders explained that the inability to recall specific aspects of a trauma is one of the constellation of symptoms that support a diagnosis of PTSD, and it is one of the symptom that she identified in the girl.

## Discussion

## I. Evidentiary Sufficiency

### A. Standard of review

We review evidentiary sufficiency challenges under the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) ("[T]he *Jackson v. Virginia* legal-sufficiency standard is the only standard that a

4

reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.") (referring to *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, (1979)). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Viewed in the light most favorable to the verdict, the evidence is insufficient when either: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt. *See Laster*, 275 S.W.3d at 518. This standard applies equally to both direct and circumstantial evidence. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); *Ervin v. State*, 331 S.W.3d 49, 55 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

We do not weigh any evidence or evaluate the credibility of any witnesses, as this was the function of the factfinder. *Williams*, 235 S.W.3d at 750. Instead, we determine whether both the explicit and implicit findings of the factfinder are

5

rational by viewing all the evidence admitted at trial in the light most favorable to the verdict and resolving any inconsistencies in the evidence in favor of the verdict. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).

## B. Analysis

A person commits aggravated sexual assault of a child when he intentionally and knowingly causes the penetration of the sexual organ of a child. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp. 2013).[1] Baxter acknowledges, correctly, that the girl's testimony, standing alone, is sufficient to support his conviction for aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. § 38.07(b)(1) (West 2011); *Bryant v. State*, 340 S.W.3d 1, 14 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). He complains, however, that the girl's testimony was unreliable and insufficient to prove his guilt beyond a reasonable doubt, pointing to evidence that the girl has memory problems and that she occasionally tells lies.

The girl unequivocally testified that Baxter sexually assaulted her twice. She described in detail one incident that occurred while she was awake and doing

---

[1] A person who commits aggravated sexual assault of a child younger than fourteen but older than six is subject to a five-year minimum term of imprisonment for this first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B), & (e) (West Supp. 2013). A person who commits aggravated sexual assault of a child under six is subject to a twenty-five-year minimum term of imprisonment. *See* TEX. PENAL CODE ANN. § 22.021(f)(1) (West Supp. 2013). The parties do not dispute the girl's age when the incidents occurred.

her homework. In making the outcry to her preschool teacher, she used language consistent with having been assaulted at least twice, explaining "my mama and daddy do that to me when I'm asleep," and that "my daddy touches me when my mama goes to sleep or is at [the grocery store]." Courts give wide latitude to testimony given by child victims of sexual abuse. *See Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (stating that people cannot expect a child victim to testify with same clarity and ability as mature, capable adults). The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence," and the jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999); *Bargas v. State*, 252 S.W.2d 876, 889 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Viewing the evidence in the light most favorable to the verdict and resolving any inconsistencies in the verdict's favor, we hold that sufficient evidence supports the jury's verdict finding Baxter guilty of two counts of aggravated sexual assault of a child under six years of age.

In addition to challenging the girl's testimony, Baxter also rejects as unreliable—and therefore, no evidence—the testimony of Dr. Alvarez-Sanders in which she opines that the girl suffered from PTSD as a result of having been sexually abused. Dr. Alvarez-Sanders explained and applied the diagnostic criteria set forth in the DSM-IV, a manual developed by the American Psychiatric

Association and widely used in the mental health profession to diagnose mental disorders. The Court of Criminal Appeals has recognized research concerning the behavioral characteristics of sexually abused children as a legitimate field of expertise. *See Cohn v. State*, 849 S.W.2d 817, 818–19 (Tex. Crim. App. 1993); *Duckett v. State*, 797 S.W.2d 906, 914–17 (Tex. Crim. App. 1990); *see also Hernandez v. State*, 53 S.W.3d 742, 751 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (holding that social worker with many years of experience working with sexually abused children was qualified to explain dynamics and common characteristics of sexually abused children). Baxter waived any evidentiary complaint about Dr. Alvarez-Sanders's testimony. *See Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002) (observing that it has consistently been held that failure to object in timely and specific manner during trial forfeits complaints about admissibility of evidence, even though the error may concern defendant's constitutional rights).

Baxter also complains that the testimony of Velma Fisher, a clinical social worker who testified for the defense, lacks evidentiary value. Baxter, however, may not complain about his own witness's testimony on appeal. *See Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (explaining that "the law of invited error estops a party from making an appellate error of an action it induced"). In any event, neither witness's testimony affects the sufficiency of the

evidence as a whole such that no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. The trial court correctly entered judgment on the jury's verdict.

## II.     Ineffective Assistance of Counsel

In contending that his trial counsel rendered ineffective assistance, Baxter claims that counsel failed to call certain witnesses and failed to adequately cross-examine others.  In addition, Baxter claims that he wanted to testify in his own defense, but that his attorney did not call him to the stand.  To prevail on an ineffective-assistance-of-counsel claim, the defendant must show that (1) his counsel's performance was deficient and (2) a reasonable probability exists that the result of the proceeding would have been different absent counsel's error. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2065 (1984); *see also Andrews v. Stat*e, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).  A defendant has the burden to establish both prongs by a preponderance of the evidence; failure to make either showing defeats his ineffectiveness claim. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  We apply a strong presumption that trial counsel was competent.  *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  We also presume that trial counsel's actions were reasonably professional and motivated by sound trial strategy.  *Jackson v. State*,

877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Johnson v. State*, 176 S.W.3d 74, 78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

The record must firmly support a claim of ineffective assistance. *Thompson*, 9 S.W.3d at 813. Where the record does not offer an explanation for counsel's actions, we presume that counsel exercised reasonable professional judgment in making all significant decisions. *Jackson*, 877 S.W.2d at 771; *Broussard v. State*, 68 S.W.3d 197, 199 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

"Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). When the record does not reflect counsel's reasons for the challenged conduct, an appellate court will assume a strategic motivation if any can possibly be imagined, and it will not conclude that the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

The record does not contain any evidence to support Baxter's contention that his counsel failed to call witnesses that would have provided favorable testimony. It does not identify the subject matter of the testimony that those prospective witnesses would have provided, nor does it reveal the topics on which counsel should have elicited testimony from the appearing witnesses. To show ineffective

10

assistance of counsel on this ground, the defendant must demonstrate that the potentially exculpatory witnesses "were available and [the defendant] would benefit from their testimony." *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (quoting *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)); *see Lair v. State*, 265 S.W.3d 580, 594–95 (Tex. App —Houston [1st Dist.] 2008, pet. ref'd) (counsel ineffective when he failed to investigate and call witnesses where record included affidavits of twenty witnesses who were available and willing to testify on defendant's behalf). Further, the record lacks any explanation from trial counsel for not pursuing the missing testimony. Absent evidence on these issues, Baxter cannot meet his burden to show that counsel was ineffective.

As for counsel's failure to call Baxter to testify in his own defense, nothing in the record indicates that Baxter expressed a desire to testify, and Baxter does not contend that he was uninformed or misled into believing that he was not allowed to testify. *Cf. Salinas v. State*, 163 S.W.3d 734, 740–41 (Tex. Crim. App. 2005) (counsel not ineffective where record does not reflect that defendant asserted his right to testify and counsel failed to protect it). The record sheds no light on any reason why counsel did not call Baxter to testify. As a result, Baxter has failed to overcome the presumption that trial counsel acted within the wide range of professional norms by not calling Baxter to the stand.

11

## Conclusion

We hold that sufficient evidence supports the jury's verdict finding Baxter guilty of both charged offenses. We further hold that Baxter failed to satisfy his burden to demonstrate that he received ineffective assistance of counsel. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).